# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER PERSALL**, | ) |
| | ) |
| Plaintiff , | ) |
| | ) |
| v. | )  2:12-CV-2230-AKK-PWG |
| | ) |
| **LOYD ARRINGTON, JENNIFER HAWKINS** | ) |
| **AND KEN MULLINS**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 23, 2013, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b). Doc. 7. The plaintiff filed objections to the report and recommendation on November 6, 2013. Doc. 8

The plaintiff restates the claim made in his original complaint, that he fell in the same area on more than one occasion and jail officials knew of the hazardous conditions, but were deliberately indifferent and failed to take action. In his objection, the plaintiff also describes his physical condition, which has a limiting effect on his ability to walk, and the condition of the shower area, i.e. missing and broken tiles around the shower and exposed glue that is slippery when wet. According to the plaintiff, his disability and the condition of the shower area have combined to cause him to fall and suffer bruises to his foot on multiple occasions.

Although it is clear from the plaintiff's allegations that the condition of the Blount County Jail fails to meet the standards that plaintiff has for his own home, this fact alone is insufficient to establish a constitutional violation. Rather, an *extreme* deprivation is required to succeed on a conditions of confinement claim under the Eight Amendment. *See Chandler v. Crosby*, 379 F.3d

1278, 1298 (11th Cir. 2004). Unfortunately for the plaintiff, he has not submitted any facts to support a finding that the condition of the shower area rises to the level of a constitutional violation. Therefore, the plaintiff's complaint about the condition of the Blount County Jail is **DISMISSED.**

In his objections to the report and recommendation, the plaintiff also requests leave to amend his complaint to add the claim that Sgt. Hawkins informed the plaintiff that she would file a work order with the Maintenance Repair Administrator Ken Mullins regarding the plaintiff's complaints about the deteriorating condition of the jail. It is well settled that motions to amend are left to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by Fed. R. Civ. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is precisely the case where, as here, the plaintiff claims that Mullins, as maintenance supervisor, is responsible for violating his constitutional rights because Mullins presumably knew about the condition of the shower area for two years. However, the only facts the plaintiff submitted to support a finding that Mullins knew of and was deliberately indifferent to the shower hazard is an incident report the plaintiff submitted and on which Sgt. Hawkins noted that the plaintiff informed her of the condition of the tile and "wanted a report made." Doc. 8, Ex. A. This report fails to establish that Mullins had the requisite notice. Accordingly, because plaintiff has failed to state a claim upon which relief can be granted against Mullins, his motion to amend his complaint to add additional facts to support his claim is due to be **DENIED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A final judgment will be entered.

**DONE** this 3rd day of January, 2014.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE